1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

10

## SOUTHERN DISTRICT OF CALIFORNIA

11

MARIA BARBARITA H. RODRIGUEZ, an individual,

CASE NO. 13cv1830-GPC-BLM

12
13

Plaintiff,

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

vs.

14

[Dkt. No. 14]

15
16

BANK OF NEW YORK MELLON, et al.,

17

Defendants.

18
19

On August 7, 2013, Plaintiff Maria Barbarita H. Rodriguez ("Plaintiff") filed

20

a complaint ("Complaint") against defendants The Bank of New York Mellon fka

21

The Bank of New York, as Trustee for the Benefit of Certificateholders CWALT,

22

Inc., Alternative Loan Trust 2007-HY6, Mortgage Pass-Through Certificates, Series

23

2007-11Y6 (erroneously sued as Bank of New York Mellon) ("BNYM"); Bank of

24

America, N.A.; Mortgage Electronic Registration Systems, Inc. (erroneously sued as

25

Mortgage Electronic Registration System, Inc.); Merscorp Holdings, Inc.;

26

ReconTrust Company, N.A., "All persons unknown claiming any legal or equitable

27

right, title, estate, lien or interest in the property described in the complaint adverse

28

to Plaintiff's title, or any cloud on Plaintiff's title thereto," and Does 1-10

(collectively, "Defendants"). On September 13, 2013, Defendants filed a motion to dismiss, (Dkt. No. 14), pursuant to Federal Rule of Civil Procedure 12(b)(6), and a request for judicial notice, (Dkt. No. 15). The motion has been fully briefed. (Dkt. Nos. 19, 20.) Pursuant to L. Civ. R. 7.1(d)(1), the Court finds the matter suitable for adjudication without oral argument. For the reasons set out below, the Court **GRANTS** Defendants' Motion to Dismiss the first through seventh, ninth, and tenth causes of action in Plaintiff's Complaint without prejudice.

## I. BACKGROUND

On May 9, 2007, Plaintiff completed a loan ("Loan") for the property located at 1921 Rue Michelle, Chula Vista, California, 91913-1218 ("Property"), in the amount of $444,000.00.[1] (RJN, Ex. A at 1-3.) The Loan was secured by a deed of trust ("Deed of Trust") and a mortgage note ("Note"). (Dkt. No. 1, "Compl." ¶¶ 39.) The Deed of Trust listed the beneficiary as Mortgage Electronic Registration System ("MERS"); the lender as Countrywide Home Loans, Inc. dba America's Wholesale Lender; and the trustee as ReconTrust Company, N.A. ("ReconTrust"). (RJN, Ex. A at 2.)

On December 7, 2009, the San Diego County Recorder's Office recorded a "Corporation Assignment of Deed of Trust" ("Assignment") against the Property. (RJN, Ex. B.) Signed by "Regina Myles, Assistant Secretary" and notarized by notary public "Janet L. Koch," the Assignment purported to assign and transfer all beneficial interest under the Deed of Trust to BNYM. (Id.) Plaintiff alleges the following defects in the Assignment: (1) Regina Myles is not an employee of MERS (Compl. ¶ 56); (2) neither Regina Myles nor MERS had legal authority to execute the Assignment (id.); (3) the Assignment was not properly notarized (Compl. ¶¶ 57-

---

[1]Unless otherwise noted, the factual background is taken from the Complaint, (Dkt. No. 1), and Defendant's Request for Judicial Notice, (Dkt. No. 15, "RJN," Exhibits A-G). Defendants asks the Court to take judicial notice of exhibits A-G. (Dkt. No. 15.) Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of these documents because they are matters of public record or, alternatively, Plaintiff has cited to them in his Complaint. <u>See Lee v. City of Los Angeles</u>, 250 F.3d 668, 689 (9th Cir. 2001). <u>See also</u>, <u>infra</u>, Section III.

66). Due to these defects, Plaintiff alleges the Assignment is not legally valid and that BNYM has no legal or equitable right, title, or interest in Plaintiff's mortgage or Deed of Trust. (Compl. ¶¶ 68-69.)

Plaintiff alleges the identity of the beneficiary under Plaintiff's note or Deed of Trust is currently unknown to Plaintiff. (Id. ¶ 74.) Plaintiff alleges making payments in excess of $75,000.00 to BNYM, in error, in response to BNYM monthly billing statements. (Id. ¶ 84.)

On December 16, 2011, the San Diego County Recorder's Office recorded a "Notice of Default and Election to Sell Under Deed of Trust" ("Notice of Default") which stated that Plaintiff was in default on the Loan in the amount of $89,172.27 as of 12/15/2011. (RJN, Ex. C.) The Notice of Default stated that "[t]o find out the amount [Plaintiff] must pay, or to arrange for payment to stop the foreclosure," Plaintiff had to contact BNYM, "c/o Bank of America, N.A." (Id. at 2.) Bank of America N.A. concurrently recorded a "California Declaration" dated December 9, 2011 declaring that "Pamela A. Lacy, MTG Servicing Specialist I" attempted "with due diligence to contact the borrower in accordance with California Civil Code Section 2923.5." (Id. at 4.) Plaintiff alleges attempting to contact Bank of America, N.A., ReconTrust, and BNYM to discuss options to cure the default, only to be redirected to other parties. (Compl. ¶ 89.) Plaintiff alleges she was not contacted by a loan servicer during the fourteen days following the Notice of Default. (Id. ¶ 90.)

On March 26, 2012, the San Diego County Recorder's Office recorded a "Notice of Trustee's Sale" which stated that ReconTrust, as "duly appointed trustee pursuant to the [Deed of Trust]," would sell the Property held under the Deed of Trust at public auction on April 17, 2012. (RJN, Ex. D.) The Notice of Trustee's Sale, signed by "Sunita Narayanan, Asst Vice President" of ReconTrust, stated that the obligation secured by the property to be sold "plus reasonable estimated costs, expenses and advances" was $542,138.55. (Id.)

On June 19, 2012, Plaintiff filed a complaint[2] in California Superior Court against BNYM, ReconTrust, BAC Home Loans Servicing, LP (formerly Countrywide Home Loans Servicing, LP), "all persons unknown claiming any legal or equitable right, title, estate, lien or interest in the property described in the complaint adverse to Plaintiff's title, or any cloud on Plaintiff's title thereto," and Does 1-10. (RJN, Ex. E.) The complaint sought declaratory and compensatory relief as well as punitive damages for the fractionalization and securitization of Plaintiff's loan which allegedly made Plaintiff's promissory note unenforceable. (Id. at 5-8.)

On October 2, 2012, Plaintiff filed a first amended complaint. (RJN, Ex. F.) On March 8, 2013, Judge Judith F. Hayes granted defendants' unopposed demurrer to the first amended complaint with prejudice, due to Plaintiff's failure to "state sufficient facts to constitute the claims asserted therein" and failure to demonstrate that reasonable amendment could be made due to Plaintiff's failure to file a written opposition to the demurrer. (RJN, Ex. G.)

On August 7, 2013, Plaintiff filed the U.S. District Court Complaint in the above-captioned matter. (Dkt. No. 1.) Plaintiff alleges ten causes of action, for: (1) Declaratory relief under 28 U.S.C. §§ 2201, 2202; (2) Cancellation of a voidable contract under Rev. & Tax Code §§ 23304.1, 23305A and Cal. Corp. Code §§ 191(C)(7); (3) Quasi-contract; (4) Negligence; (5) Violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.; (6) Violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq.; (7) Accounting; (8) Cancellation of Instruments; (9) Quiet Title; and (10) to enjoin the trustee's sale. (Id.)

Plaintiff alleges Defendants attempted to collect Plaintiff's mortgage payments despite knowledge that Defendants "were not acting on behalf of the current pecuniary beneficiary" of Plaintiff's note and the Deed of Trust. (Compl. ¶ 96.) Plaintiff further alleges that Defendants failed to properly credit payments

---

[2]Case No. 37-2012-00099212-CU-OR-CTL

made by Plaintiff, incorrectly calculated interest on Plaintiff's accounts, and failed to accurately debit fees. (Compl. ¶ 97.) Plaintiff alleges readiness and willingness to "unconditionally tender [Plaintiff's] obligation" under the Deed of Trust. (Compl. ¶¶ 112-116.)

On September 13, 2013, Defendants filed the present motion to dismiss. (Dkt. No. 14.) Defendants argue Plaintiff's claims are barred by res judicata due to the dismissal of Plaintiff's state court action with prejudice. (Dkt. No. 14 at 3-6, 10-11.) Defendants further argue Plaintiff's causes of action fail to state a claim. (Id. at 6-7, 11-18.)

## II. STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984); see Neitzke v. Williams, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. Robertson, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d

962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002); Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Legal conclusions, however, need not be taken as true merely because they are cast in the form of factual allegations. Ileto v. Glock, Inc., 349 F.3d 1191, 1200 (9th Cir. 2003); W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). When ruling on a motion to dismiss, the court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the court takes judicial notice. Lee v. Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

### III. DISCUSSION

#### A. Judicial Notice

Defendants seeks judicial notice of seven documents: (1) a deed of trust recorded in the San Diego County Recorder's Office as document number 2007-0327377 on May 14, 2007; (2) a corporation assignment of deed of trust recorded in the San Diego County Recorder's Office as document number 2009-0674142 on December 7, 2009; (3) a notice of default recorded in the San Diego County Recorder's Office as document number 2011-0676370 on December 16, 2011; (4) a notice of trustee's sale recorded in the San Diego County Recorder's Office as document number 2012-0172409 on March 26, 2012; (5) a complaint filed in Rodriguez v. Bank of New York et al., No. 37-2012-00099212-CU-OR-CTL before the California Superior Court on June 19, 2012; (6) a first amended complaint filed in the same case on October 2, 2012; and (7) a minute order from proceedings before Judge Judith F. Hayes on March 8, 2013 at 10:30 a.m. in Rodriguez v. Bank

of New York et al., No. 37-2012-00099212-CU-OR-CTL. (Dkt. No. 15.)

Under Federal Rule of Evidence 201(b), a district court may take notice of facts not subject to reasonable dispute that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); see also Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (noting that the court may take judicial notice of undisputed matters of public record), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125-26 (9th Cir. 2002). Courts have routinely taken judicial notice of records filed with the county recorder as well as pleadings filed with the state court. See e.g., Reyna Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n. 6 (9th Cir. 2006); Liebelt v. Quality Loan Serv. Corp., 2011 WL 741056, at *6 n. 2 (N.D. Cal. 2011); Reynolds v. Applegate, 2011 WL 560757, at *1 n. 2 (N.D. Cal. 2011); Giordano v. Wachovia Mortg., FSB, 2010 WL 5148428, at * 1 n. 2 (N.D. Cal. 2011). Here, Plaintiff does not object to Defendants' Request for Judicial Notice, and the documents are publically recorded documents or publically available state court filings. Thus, the Court finds that the accuracy of these documents cannot reasonably be questioned. Accordingly, the Court hereby takes judicial notice of Exhibits 1-7.

**B. Res Judicata**

Defendants contend Plaintiff's claims are precluded by the doctrine of res judicata because Plaintiff has already litigated the same claims in state court in Superior Court Case No. 37-2012-00099212-CU-OR-CTL filed on June 19, 2012. (RJN, Ex. E.) The state court sustained Defendants' demurrer to the first amended complaint without leave to amend and entered a judgment of dismissal with prejudice on March 8, 2013. (RJN, Ex. G.) Defendants argue Plaintiff's current claims either were or could have been litigated in the prior state court action, so the resolution of Plaintiff's claims in state court bars this action. (Dkt. No. 14 at 4-6, 10-11.) Plaintiff responds only that Defendants' res judicata arguments are a "red

herring" and not properly raised in a Rule 12(b)(6) motion to dismiss.[3] (Dkt. No. 19-1 at 6.) The Court concludes Defendants have not shown Plaintiff's claims are barred by the doctrine of res judicata.

The Full Faith and Credit Act, 28 U.S.C. § 1738, requires that we "give the same preclusive effect to a state-court judgment as another court of that State would give." Parsons Steel, Inc. v. First Alabama Bank, 474 U.S. 518, 523 (1986). In other words, federal courts must give a state court judgment the same preclusive effect as would be given to that judgment under the law of the State in which the judgment was rendered. Migra v. Warren City Sch. Dist. Bd. of Ed., 465 U.S. 75, 81 (1984); see also Marrese v. Am. Acad. of Orthopaedic Surgeons, 470 U.S. 373, 380 (1985) (federal court should determine the preclusive effect of a [earlier] state court judgment [through reference] to the law of the State in which judgment was rendered); Pension Trust Fund v. Triple A Mach. Shop, 942 F.2d 1457, 1460 (9th Cir. 1991) (examining California law for purposes of determining res judicata effect of an earlier California state court judgment).

To determine the preclusive effect of the California Superior Court judgment in this case, the Court looks to California law. See Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d 362, 364 (9th Cir. 1993) Under California res judicata law, a final judgment of a state court precludes further proceedings if the proceedings are based on the same cause of action; unlike the federal courts, which apply a transactional nucleus of facts test, California courts employ the primary rights theory to determine what constitutes the same cause of action for claim preclusion purposes. Brodheim v. Cry, 584 F.3d 1262, 1268 (9th Cir. 2009). Under

---

[3]Plaintiff provides no legal support or authority for these arguments. The Court notes that courts regularly consider res judicata on motions to dismiss, see, e.g., Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002) (affirming district court's grant of a Rule 12(b)(6) motion to dismiss based on res judicata); Best v. Fitzgerald, 81 Cal. App. 2d 965, 967 (1947) (affirming the trial court's grant of a motion to dismiss based on res judicata), and may also consider the doctrine of res judicata *sua sponte*. Hawkins v. Risley, 984 F.2d 321, 324 (9th Cir. 1993); McClain v. Apodaca, 793 F.2d 1031, 1033 (9th Cir. 1986). Absent authority to the contrary, the Court finds it proper to consider Defendants' res judicata arguments brought by the present motion.

the primary rights theory, res judicata precludes a plaintiff from litigating a claim if:
(1) the claim relates to the same 'primary right' as the claim in the prior action; (2)
the prior judgment was final and on the merits; and (3) the plaintiff was a party or in
privity with the party in the prior action. Mir v. Little Co. of Mary Hosp., 844 F.2d
646, 651 (9th Cir. 1988) (citing Trujillo v. County of Santa Clara, 775 F.2d 1359,
1366 (9th Cir. 1985)).

### 1. Plaintiff's Primary Right

The California "primary right" doctrine requires that "all claims based on the
same cause of action [] be decided in a single suit; if not brought initially, they may
not be raised at a later date." Mycogen Corp. v. Monsanto Co., 28 Cal. 4th 888, 897
(2002). For purposes of determining the application of preclusion, "the cause of
action is the right to obtain redress for a harm suffered, regardless of the specific
remedy sought or the legal theory (common law or statutory) advanced." Boeken v.
Philip Morris USA, Inc., 48 Cal. 4th 788, 798 (2010); Eichman v. Fotomat Corp.,
147 Cal. App. 3d 1170, 1174 (1983) ("If an action involves the same injury to the
plaintiff and the same wrong by the defendant then the same primary right is at
stake even if in the second suit, the plaintiff pleads different theories of recovery,
seeks different forms of relief and/or adds new facts supporting recovery.") (internal
citations omitted); Manufactured Home Comm. v. City of San Jose, 420 F.3d 1022,
1032 (9th Cir. 2005) ("Different theories of recovery are not separate primary
rights."). In other words, "one injury gives rise to only one claim for relief."
Boeken, 48 Cal. 4th at 798. Thus, "under the primary rights theory, the
determinative factor is the harm suffered," and "[w]hen two actions involving the
same parties seek compensation for the same harm, they generally involve the same
primary right." Id.

Here, the same plaintiff, Ms. Rodriguez, is seeking redress for the same
primary right—an underlying claim for title to the property located at 1921 Rue
Michelle, Chula Vista, CA 91913 due to defects in the loan documents and

securitization process—as in Plaintiff's state court action. Plaintiff's claims are grounded in the same alleged injury of wrongful foreclosure and the same wrongful acts by Defendants and therefore, the same primary right is at stake. See Eichman v. Fotomat Corp., 147 Cal. App. 3d 1170, 1175 (1983). Although Plaintiff raises new causes of action for quasi contract, violation the tax code, violation of 15 U.S.C. § 1692 et seq., and for an accounting in Plaintiff's federal court Complaint, (Dkt. No. 1 at ¶¶ 131-38, 139-45, 156-70, 171-77), the fact that Plaintiff raises new theories for relief is not relevant for purposes of claim preclusion. Through different court proceedings, Plaintiff has been seeking relief for the alleged wrongful cloud on Plaintiff's title to the Property and for wrongful foreclosure. The Court concludes that Plaintiff's new claims in this Court arise from the same foreclosure process and documents as the state court actions and therefore arise out of the same primary right.

**2. Final Judgment on the Merits**

However, "in order for res judicata or collateral estoppel to apply there must be a final judgment or determination of an issue; that is, a judgment or determination that is final in the sense that no further judicial act remains to be done to end the litigation." People v. Scott, 85 Cal. App. 4th 905, 919 (2000). "[J]udgments based upon sustaining of a general demurrer have given rise to an apparent conflict of decision, and careful distinctions must be drawn between the cases." Goddard v. Security Title Ins. & Guarantee Co., 14 Cal. 2d 47, 52 (1939). In California, a judgment entered after the sustaining of a general demurrer is a judgment on the merits, and will "bar a second cause of action on the same facts" to the extent the judgment "adjudicates that the facts alleged do not establish a cause of action." Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d 362, 364 (9th Cir. 1993). However, if "new or additional facts are alleged that cure the defects in the original pleading, it is settled that the former judgment is not a bar to the subsequent action whether or not plaintiff had an opportunity to amend his

complaint." <u>Crowley v. Modern Faucet Mfg. Co.</u>, 44 Cal. 2d 321, 323 (1955) (In Bank).

The underlying purpose of res judicata and collateral estoppel is to prevent the re-litigation of claims and issues already decided on the merits in a prior case. It contemplates that the prior court adjudicated or considered the merits of the case. Here, Plaintiff failed to oppose Defendants' demurrer before the California Superior Court, and the court sustained the demurrer without leave to amend, dismissing Plaintiff's complaint with prejudice. (Dkt. No. 15, Ex. G.) On the record now before the Court, it is not clear whether the state court's order was based on a review or actual determination of the merits of Plaintiff's claims. Defendants have not provided the Court with authority that such a situation, where the court sustains an unopposed demurrer without leave to amend and dismisses the complaint with prejudice, constitutes a final judgment on the merits. Accordingly, the Court concludes that Defendants have failed to establish that res judicata bars Plaintiff's Complaint and declines to address whether the "privity" element of res judicata is met here.

**C. Failure to State a Claim**

In the alternative, Defendants move to dismiss Plaintiff's first through seventh, ninth, and tenth causes of action in the Complaint on the ground that Plaintiff fails to state a plausible claim for relief. (Dkt. No. 14 at 6-7, 11-18.) The Court will thus determine whether Plaintiff has sufficiently stated Plaintiff's claims for relief.

**1. First Cause of Action - Declaratory Relief**

Plaintiff alleges that Defendants do not have a "secured or unsecured legal, equitable, or pecuniary interest in the lien evidenced by the Deed of Trust and that the purported recorded assignments have no value since they were executed fraudulently and without the authority, direct or indirect, stated or implied, of the current beneficiary of the Note and Deed of Trust." (Dkt. No. 1, Compl. ¶ 121.)

Plaintiff requests that the Court find that "BKNYM and the Doe Defendants have no right or interest in Plaintiff's Note, Deed of Trust, or the Property; which authorizes them, in fact or as a matter of law, to any benefit or right set forth in the Note and Deed of Trust." (Id. ¶ 127.)

Defendants move to dismiss arguing that Plaintiff's declaratory relief claim fails because declaratory relief is not an independent cause of action. (Dkt. No. 14 at 7.) Plaintiff opposes, arguing that dismissal is premature. (Dkt. No. 19-1 at 6-7.)

The Declaratory Judgment Act ("DJA") provides that, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. "A declaratory judgment offers a means by which rights and obligations may be adjudicated in cases 'brought by any interested party' involving an actual controversy that has not reached a stage at which either party may seek a coercive remedy and in cases where a party who could sue for coercive relief has not yet done so." Seattle Audubon Soc. v. Moseley, 80 F.3d 1401, 1405 (9th Cir. 1996). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties," United States v. State of Wash., 759 F.2d 1353, 1357 (9th Cir. 1985); a claim for declaratory relief is unnecessary where an adequate remedy exists under some other cause of action. Permpoon v. Wells Fargo Bank Nat'l Ass'n, No. 09-cv-01140-H (BLM), 2009 WL 3214321 at *5 (S.D. Cal. 2009) (quoting Manown v. Cal-Western Reconveyance Corp., No. 09 CV 1101 JM (JMA), 2009 WL 2406335, at *6 (S.D. Cal. 2009)).

The Court finds that the declaratory relief Plaintiff seeks is entirely commensurate with the relief sought through other causes of action. (Compare Compl. ¶¶ 125, 127 with Compl. ¶¶ 180-84.) Thus, Plaintiff's declaratory relief

claim is duplicative and unnecessary.  See United States v. State of Wash., 759 F.2d 1353, 1357 (9th Cir. 1985). Accordingly, the Court GRANTS Defendants' motion to dismiss the first cause of action for declaratory relief without prejudice.

**2. Second Cause of Action - Cancellation of a Voidable Contract**

In the second cause of action, Plaintiff seeks cancellation of the Deed of Trust on the grounds that MERS, Merscorp, and the Doe Defendants failed to comply with California franchise tax laws, Rev. & Tax Code §§ 23304.1, 23304.1(b), and 23305a. (Compl. ¶¶ 131-38.) Plaintiff argues MERS was not registered in California and had no legal authority to prepare and execute the Assignment or Deed of Trust. (Compl. ¶¶ 133-34, 136-37.)

Defendants argue MERS acted solely in its capacity as nominee for the lender in this case and that state and federal courts have confirmed the authority of MERS to execute an assignment of a deed of trust and substitution of trustee. (Id. at 12.) The Court agrees. "Courts have routinely recognized that MERS's conduct in California is within the permissible scope for an unregistered foreign corporation and thus is not governed by § 23304.1." Wallace v. Mortgage Elec. Registration Sys., Inc., No. CV 11-8039 ODW (MRWx), 2012 WL 94485 at *4 (C.D. Cal. 2012) (citing Castaneda v. Saxon Mortg. Servs., 687 F. Supp. 2d 1191, 1195 n.3 (E.D. Cal. 2009)); see also Baidoobonso-Iam v. Bank of Am. (Home Loans), No. CV 10-9171 CAS (MANx), 2011 WL 5870065 at *4 (C.D. Cal. 2011). Accordingly, because section 23304.1 does not apply to MERS's conduct in California, Plaintiff is unable to void the Assignment or Deed of Trust. Defendants' motion is GRANTED as to the second cause of action without prejudice.

**3. Quasi Contract**

In the Complaint's third cause of action, Plaintiff alleges that Defendants were unjustly enriched because they collected Plaintiff's monthly mortgage payments even though Defendants did not have an interest in Plaintiff's Note. (Compl. ¶¶ 140-41.) Plaintiff seeks restitution for payments made to BNYM.

(Compl. ¶ 145.)

Defendants argue that an express contract between the parties outlines the rights and obligations of the parties, precluding quasi contract liability. (Dkt. No. 14 at 13-14.) Plaintiff opposes, arguing that no valid contract existed because the purported Assignment transferring interest to Defendants were void. (Dkt. No. 19-1 at 7-8.)

"The theory of unjust enrichment requires one who acquires a benefit which may not justly be retained, to return either the thing or its equivalent to the aggrieved party so as not to be unjustly enriched." Othworth v. So. Pac. Trans. Co., 166 Cal. App. 3d 452, 460 (1985). "[A]n individual may be required to make restitution if he is unjustly enriched at the expense of another. A person is enriched if he receives a benefit at another's expense. The term 'benefit' denotes any form of advantage . . . . Even when a person has received a benefit from another, he is required to make restitution only if the circumstances of its receipt or retention are such that, as between the two persons, it is unjust for him to retain it." F.D.I.C. v. Dintino, 167 Cal. App. 4th 333, 346–47 (2008) (internal citations and quotations omitted). The Ninth Circuit established that a claim of quasi-contract "does not lie when an enforceable, binding agreement exists defining the rights of the parties." Paracor Finance, Inc. v. General Electric Capital Corp., 96 F.3d 1151, 1167 (9th Cir. 1996).

In Hunt v. U.S. Bank, No. EDCV 12-2171-VAP(OPx), 2013 WL 1398964, at *8 (C.D. Cal. Apr. 3, 2013), Plaintiffs signed a Note and a Deed of Trust and it was not disputed that any payments made were rightfully due under the Note. The district court noted that to the extent that Defendants were unjustly enriched by collecting money due another, Plaintiffs were not the "aggrieved party." Id. The "aggrieved" party would be the lender who was actually entitled to collect the debt payment, not Plaintiffs. Id. Similarly, in this case, Plaintiff does not dispute that payment is due under the Note. (See Dkt. No. 1, Compl. ¶ 24.) While Plaintiff

1  alleges that Defendants were unjustly enriched by receiving payments from

2  Plaintiff, as required under the Note, she is not the "aggrieved party" and cannot

3  bring a claim for quasi contract. <u>See</u> <u>Hunt</u>, 2013 WL 1398964 at *8. Moreover, the

4  underlying Note and Deed of Trust, the validity of which is not in dispute, is an

5  enforceable, binding agreement defining the rights of the parties. Therefore, a quasi

6  contract claim cannot lie. <u>See</u> <u>Niranjan v. Bank of America, N.A</u>, No. C12-5706

7  WHA, 2013 WL 2931636, at *2 (N.D. Cal. June 13, 2013) (quasi contract claim

8  fails because underlying deed of trust is still valid despite argument that the deed

9  and note were void at the time the note was sold into asset-backed securities pool

10  and MERS had no authority to transfer the deed). Accordingly, the Court GRANTS

11  Defendants' motion to dismiss the quasi contract claim without prejudice.

12  **4. Negligence**

13  Plaintiff contends that Defendants had a duty to exercise reasonable care to

14  "follow California law with regard to enforcement of monetary obligations and to

15  refrain from taking or failing to take any action against Plaintiff that they did not

16  have the legal authority to do." (Compl. ¶ 148.) Plaintiff alleges that BNYM

17  breached that duty by "collecting or demanding mortgage payments when they [did]

18  not have the right to enforce the obligation." (<u>Id.</u>)

19  Defendants argue that there is no duty of care owed to Plaintiff because a

20  lender-borrower relationship does not give rise to an unconventional or fiduciary

21  relationship. (Dkt. No. 14 at 14-15.) Plaintiff opposes, maintaining that Defendants

22  owed her a duty of care because of their unconventional relationship. (Dkt. No. 19-1

23  at 10-13.)

24  Under California law, the elements of a claim for negligence are that: (1)

25  defendant had a legal duty to plaintiff, (2) defendant breached this duty, (3)

26  defendant was the proximate and legal cause of plaintiff's injury, and (4) plaintiff

27  suffered damage. Cal. Civ. Code § 1714; <u>Merrill v. Navegar, Inc.</u>, 26 Cal. 4th 465,

28  500 (2001).

As a general rule, under California law, "a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1095–96 (1991). However, "liability to a borrower for negligence arises only when the lender actively participates in the financed enterprise beyond the domain of the usual money lender." Id. at 1096; Ansanelli v. J.P. Morgan Chase Bank. N.A., No. C 10-3892 WHA, 2011 WL 1134451, at *11 (N.D. Cal. 2011) (court found duty of care where complaint alleged that defendant went beyond its role as a silent lender and loan servicer to offer an opportunity to plaintiffs for loan modification and to engage with them concerning the trial period plan).

The Court finds that Plaintiff's contradictory claims fail to raise a plausible claim for relief under a negligence theory. Although the Court agrees that Plaintiff has alleged BNYM conduct beyond the domain of a usual money lender, (see Compl. ¶ 148), Plaintiff also alleges BNYM has no claim to any interest in Plaintiff's Note or Deed of Trust "in any manner whatsoever," (id. ¶ 70). Plaintiff fails to show how, absent a valid contractual relationship, Defendants owed any duty to Plaintiff to support a claim for negligence. Accordingly, the Court GRANTS Defendants' motion to dismiss Plaintiff's negligence claim without prejudice.

### 5. Violation of 15 U.S.C. § 1692, et seq.

Plaintiff contends that Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., by falsely representing that Plaintiff's debt was owing to Defendant BNYM and by attempting to collect on the Note under those false pretenses. (Compl. ¶ 154m.)

Defendants argue that Plaintiff does not allege Defendants are "debt collectors" as defined under the FDCPA, because neither creditors nor loan servicers fit within the statutory definition of "debt collector." (Dkt. No. 14 at 7-8.) Defendants further argue that Plaintiff's FDCPA allegations are time-barred. (Id. at

8.) Plaintiff opposes, disputing Defendants' characterization of BNYM as a creditor. (Dkt. No. 19-1 at 7-8.)

A debt collector is defined under the FDCPA as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The term does not include any person who collects any debt owed or due to the extent such activity concerns a debt which "was originated by such person" or "was not in default at the time it was obtained by such person." 15 U.S.C. §§ 1692a(6)(F) (ii), (iii). The FDCPA's definition of debt collector "does not include the consumer's creditors, a mortgage servicing company, or any assignee of the debt, so long as the debt was not in default at the time it was assigned." Nool v. HomeQ Serv., 653 F. Supp. 2d 1047, 1053 (E.D. Cal. 2009) (citing Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985)). Here, Plaintiff alleges Defendant BNYM collects debts for third parties and did not act in a legitimate capacity as a creditor, loan servicer, or assignee of the debt. (Compl. ¶ 154.) However, Plaintiff fails to allege debt collection activities by any Defendants other than BNYM. To the extent that Plaintiff seeks to hold Bank of America N.A., MERS, Merscorp Holdings, Inc., ReconTrust, or the Doe Defendants liable under the FDCPA, the Court GRANTS Defendants' motion to dismiss Plaintiff's FDCPA claims against them without prejudice.

As to Plaintiff's FDCPA claim against BNYM, Plaintiff fails to oppose Defendants' claim that the statute of limitations on any alleged debt collection activity expired in March 2013. The statute of limitations for a claim under the FDCPA is one year. Specifically, 15 U.S.C. § 1692k(d) states: "[a]n action to enforce any liability created by this subchapter may be brought . . . within one year from the date on which the violation occurred." Plaintiff alleges BNYM debt collection activities in conjunction with the December 15, 2011 Notice of Default

and the March 22, 2012 Notice of Trustee's Sale. (Compl. ¶¶ 83-94.) Plaintiff alleges no ongoing debt collection activities by BNYM more recent than March 22, 2012. The Court finds that, on the face of the Complaint, the statute of limitations on Plaintiff's FDCPA claim expired on March 22, 2013. Accordingly, the Court GRANTS Defendants' motion to dismiss the claim under the FDCPA, as to all Defendants, without prejudice.

**6. Violation of California Business & Professions Code § 17200, et seq.**

Plaintiff's sixth cause of action for violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, is based on allegations that Defendants recorded multiple documents with the County Recorder that "Defendants knew and know contain deliberate misstatements, misrepresentations, and omissions" in violation of California Penal Code section 518 (extortion) and section 532f(a)(4) (mortgage fraud). (Compl. ¶¶ 157, 158.) Plaintiff further alleges Defendants engaged in unfair, fraudulent conduct, including: executing and recording false and misleading documents, demanding and accepting payments without a basis upon which to collect the payments, unauthorized reporting of late payments to credit bureaus, and using threats to forcibly evict Plaintiff. (Compl. ¶¶ 161a-161j.)

Defendants move to dismiss Plaintiff's claim under section 17200 on the grounds that Plaintiff's claim is "derivative of the allegations pled elsewhere in the complaint." (Dkt. No. 14 at 15.) Defendants further argue Plaintiff has "no remedy under § 17200" because Plaintiff cannot obtain restitution without alleging she is entitled to keep the payments she made. (Id. at 15.)

Section 17200 provides a cause of action for "unfair competition," which is defined as "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "Unlawful," "unfair," and "fraudulent" represent three separate and distinct theories of liability under California's UCL. Rubio v. Capital One Bank, 613 F.3d 1195, 1203 (9th Cir. 2010). "Unlawful" practices include "anything

- 18 -

that can properly be called a business practice and at the same time is forbidden by law." Farmers Ins. Exch. v. Superior Court, 2 Cal. 4th 377, 383 (1992). Section 17200 "borrows" violations of other laws and treats them as unlawful practices independently actionable under section 17200. Id. "Unfair" means any practice whose harm to the victim outweighs its benefits. Olsen v. Breeze, Inc., 48 Cal. App. 4th 608, 618 (1996). "Fraudulent" as used in the statute does not refer to the common law tort of fraud, but rather requires a showing that members of the public are likely to be deceived. Id.; Bank of the West v. Superior Court, 2 Cal. 4th 1254, 1267 (1992).

The Court finds that, despite Plaintiff's lengthy allegations of Defendants' misconduct, Plaintiff has failed to establish standing to assert a violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200. A UCL claim must be brought "by a person who has suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. "This provision requires [a plaintiff] to show . . a causal connection between" a defendant's alleged UCL violation and Plaintiff's loss of money or property. Rubio, 613 F.3d at 1203-04. In support of standing, Plaintiff claims she has been injured only in that "a cloud has been placed upon title to Plaintiff's property and Defendants have failed to remove this cloud from Plaintiff's title." (Compl. ¶ 169.) This conclusory statement is insufficient to establish an inference that title to Plaintiff's home was clouded as a result of Defendants' alleged unfair business practices, as opposed to Plaintiff's own failure to make payments on her mortgage. Plaintiff has thus failed to adequately plead that her "injury" was the "result of" Defendant's alleged conduct. See Shkolnikov v. JPMorgan Chase Bank, No. 12-03996 JCS, 2012 WL 6553988 at *21 (N.D. Cal. 2012) (dismissing a UCL claim supported only by a bare standing allegation that "a cloud has been placed upon title to Plaintiff's Property"); Gyene v. Steward Financial, Inc., No. CV 12-4355 DSF (AJWx), 2013 WL 146191 (C.D. Cal. 2013) (same).  Accordingly, the

Court dismisses without prejudice Plaintiff's claim for violation of California's UCL, Cal. Bus. & Prof. Code § 17200.

### 7. Accounting

Plaintiff alleges she is entitled to an accounting because she made mortgage payments to Defendants for many years and is due money which cannot be ascertained without an accounting. (Compl. ¶¶ 171-77.)

"A request for a legal accounting must be tethered to relevant actionable claims." <u>Hafiz v. Greenpoint Mortg. Funding, Inc.</u>, 652 F. Supp. 2d 1039, 1043 (N.D. Cal. 2009). Because each of Plaintiff's substantive claims for relief are subject to dismissal, Plaintiff has not "anchored her request to any viable claims" and her accounting claim cannot survive. <u>See id.</u> Accordingly, Plaintiff's cause of action for accounting must be dismissed without prejudice.

### 8. Cancellation of Instruments

Plaintiff's eighth cause of action seeks to cancel the Deed of Trust, the Corporation Assignment of Deed of Trust, the Notice of Default, and the Notice of Trustee's Sale.(Compl. ¶¶ 178-84.) Defendants do not move to dismiss Plaintiff's eighth cause of action in their motion to dismiss. (Dkt. No. 14.) The Court therefore declines to address the sufficiency of Plaintiff's eighth cause of action.[4]

### 9. Quiet Title

Plaintiff's ninth cause of action seeks to quiet title. (Compl. ¶¶ 185-91.) Quiet title claims may establish title against adverse claims to real property or any interest therein. Cal. Civ. Proc. Code § 760.020. A complaint alleging such a claim must be verified and include: (1) a description of the property; (2) the basis for plaintiff's title; (3) the adverse claim or claims to title; (4) the date as of which the

---

[4]The Court notes that the eighth cause of action appears to include Plaintiff's general allegations regarding improper notarization and Regina Myles' employment with MERS. (Compl. ¶¶ 56-66.) To the extent that these general allegations are not addressed by Defendant's motion to dismiss and appear to be most closely related to Plaintiff's eighth cause of action for cancellation of instruments, the Court also declines to address the sufficiency of these allegations.

determination is sought; and (5) a prayer for determination of plaintiff's title against adverse claims. Id. § 761.020.

Defendants argue Plaintiff's cause of action to quiet title fails to state a claim because Plaintiff has not tendered the amount owing on the loan. (Dkt. No. 14 at 17.) Plaintiff responds that Defendant has no standing to assert or demand tender. (Dkt. No. 19-1 at 19.)

As an initial matter, Plaintiff fails to meet the verification requirement. Cal Civ. Proc. Code § 761.020. Furthermore, Plaintiff has not alleged tender of her obligation. California law holds that Plaintiff cannot quiet title in the Property "without discharging [Plaintiff's] mortgage debt. The cloud upon [her] title persists until the debt is paid." Aguilar v. Bocci, 39 Cal. App. 3d 475 (Cal. Ct. App. 1974) (citing Burns v. Hiatt, 149 Cal. 617 (Cal. 1906)). Plaintiff has no basis to quiet title without first discharging Plaintiff's mortgage debt, and has put forth no legal authority to the contrary. Accordingly, the Court grants Defendants' motion to dismiss the quiet title cause of action without prejudice.

**10. Enjoin the Trustee's Sale**

Plaintiff's tenth and final cause of action seeks to enjoin the trustee's sale. (Compl. ¶¶ 192-98.) Defendants argue that the Complaint fails to allege that any foreclosure activity has been scheduled against the Property and that no clear sale exists to enjoin. (Dkt. No. 14 at 17.) Plaintiff fails to rebut this argument in opposition. Where there is no pending or imminent action to restrain, a request for an injunction is unripe and will not be considered because doing so would result in an impermissible advisory opinion. See United Public Workers v. Mitchell, 330 U.S. 75, 89 (1947). The Court therefore GRANTS without prejudice Defendants' motion to dismiss Plaintiff's request for this Court to enjoin the Trustee's Sale.

## CONCLUSION

Based on the above, the Court hereby GRANTS Defendants' motion to dismiss and DISMISSES WITHOUT PREJUDICE the first through seventh, ninth,

1   and tenth causes of action in Plaintiff's Complaint.[5]

2        Plaintiff is granted thirty (30) days from the date this Order is electronically

3   docketed to file an amended complaint addressing the deficiencies set forth above.

4        IT IS SO ORDERED.

5   DATED:  January 17, 2014

6

7                                        HON. GONZALO P. CURIEL
                                         United States District Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

_____

[5]Plaintiff's eighth cause of action remains.